UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| IHANCE, INC., and<br>ANDREW J. KNOX,<br><br>       Plaintiffs,<br><br>   v.<br><br>ELOQUA LIMITED and<br>ELOQUA CORPORATION,<br><br>       Defendants. | No. 2:11-cv-257-MSD-FBS |

**ELOQUA'S MOTION FOR SANCTIONS, FEES AND JUST COSTS AND
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## TABLE OF CONTENTS

I. INTRODUCTION ..........................................................................................................1

II. STATEMENT OF FACTS ............................................................................................2

    A.     iHance Sues Alleging That it is the Sole Owner and Assignee of the '533 and '947 Patents; iHance Failed to Allege that it Contended that the Written Assignments to the Patents Had Been Stolen. ...........................................2

    B.     Eloqua Attempted to Obtain Copies of and Information About the Alleged Patent Assignments; iHance Served a Verified Interrogatory Response that Falsely Stated that the Assignments Could be Found in the Patent Prosecution Records. ..................................................................................................3

III. THE COURT SHOULD GRANT ELOQUA THE FEES AND COSTS ASSOCIATED WITH DEFENDING AGAINST THE '947 PATENT AND ADDRESSING IHANCE'S DAMAGES CLAIMS ...........................................................5

    A.     The Court Should Grant Eloqua the Fees and Costs Associated with Defending Against the '947 Patent and Addressing iHance's Damages Claims, Pursuant to 35 U.S.C. § 285. ....................................................................5

        1.     Eloqua is the Prevailing Party With Respect to the Dismissal of the '947 Patent. ................................................................................................ 5

        2.     iHance's Litigation of the '947 Patent for More Than a Year Without Actually Owning It Makes This Case Exceptional and Warrants Fee Shifting for Eloqua's Defense of the '947 Infringement Claim and iHance's Damages Claims. ................................. 6

    B.     The Court Should Grant Eloqua the Fees and Costs Associated with Defending Against the '947 Patent and Addressing iHance's Damages Claims, Pursuant to Fed R. Civ. P. 37(b) and its Inherent Power to Sanction Discovery Violations ...............................................................................8

    C.     The Court Should Grant Eloqua's Just Costs Associated with Defending Against the '947 Patent and Addressing iHance's Damages Claims, Pursuant to 28 U.S.C. § 1919.................................................................................10

IV. THE COURT SHOULD DISMISS IHANCE'S CLAIM FOR INFRINGEMENT OF THE '947 PATENT WITH PREJUDICE .................................................................12

V. CONCLUSION............................................................................................................14

I.  **INTRODUCTION**

iHance sued Eloqua in May 2011, seeking to recover $100 million in damages for infringement of U.S. Patent Nos. 7,076,533 ("the '533 patent") and 7,072,947 ("the '947 patent"). iHance's claims were premised on its assertion that iHance was the owner, by assignment, of all right, title and interest in and to, both the '533 and '947 patents.

The Court, following an evidentiary hearing on June 28, 2012, has found that:

1. iHance failed to prove that the three individual inventors of the '947 and '533 patents, Anders Knox, John Hart, and Lars Knox, had assigned any interest in the '947 or '533 patents to iHance as of 2006. D.I. 284 at 2-7.

2. iHance failed to prove that the inventors ever assigned their interests in the '947 patent to iHance, and therefore dismissed iHance's complaint with respect to the '947 patent. *Id*.

3. John Hart and Lars Knox assigned the '533 patent to iHance as of May 2008, but that Anders Knox did not assign the '533 patent to iHance. The Court therefore held that iHance's complaint with respect to the '533 patent will be dismissed unless Anders Knox is joined as a plaintiff. *Id*. at 7-8.

iHance knew of the defects in its title to the asserted patents long before filing this suit, including that no assignments from the three named inventors to iHance existed. Instead of disclosing the facts concerning those defects, which would have enabled the parties to bring the issue to the Court for resolution at the outset of this litigation, iHance chose to obscure and drag out the disclosure of those facts, including by serving a false interrogatory response that stated that "the assignments" could be found in the patent prosecution records for the patents. In addition, as the Court found in its July 3, 2012 Memorandum Order, both Anders Knox and John Hart provided testimony at their depositions that was inconsistent with their testimony at the June 29, 2012 evidentiary hearing concerning the alleged assignments.

The Court should award Eloqua the attorneys' fees and costs that it incurred as a result of iHance's assertion of the '947 patent and concealment of the defects in its title to both patents, and should dismiss iHance's claim for infringement of the '947 patent with prejudice. There are

1

many bases under which the Court has discretion to award Eloqua's fees and costs and dismiss the '947 patent with prejudice, including 35 U.S.C. § 285, Fed. R. Civ. P. 37, 28 U.S.C. § 1919, and the Court's inherent power to impose discovery sanctions.

Merely dismissing the '947 patent without prejudice after iHance spent more than a year asserting it without having any ownership interest in it, without at least requiring iHance to reimburse Eloqua for the additional fees and costs it incurred as a result of iHance's assertion of the claim without standing, will prejudice Eloqua and encourage such vexatious litigation tactics in the future.

## II. STATEMENT OF FACTS

### A. iHance Sues Alleging That it is the Sole Owner and Assignee of the '533 and '947 Patents; iHance Failed to Allege that it Contended that the Written Assignments to the Patents Had Been Stolen.

iHance sued Eloqua on May 9, 2011, filing a complaint for infringement of the '947 patent and the '533 patent. The complaint sought damages of $100 million. D.I. 1, Complaint (May 9, 2011) ("Cplt."), at 13.

In its complaint, iHance alleged that "iHance is the owner, by assignment, of all right title and interest, in and to" both patents-in-suit, notwithstanding Anders Knox's later concession that he had realized by 2008 that: (1) no such assignments existed; (2) the inventors had never provided assignments of the patents-in-suit to their patent prosecutor; and (3) no assignments for the patents-in-suit had ever been filed with the Patent Office. Ex. 1[1] at 90:3-91:21.

---

[1] Unless otherwise stated, the exhibits cited herein refer to the exhibits attached to the Declaration of Timothy J. Rousseau in Support of Eloqua's Motion for Sanctions, Fees and Just Costs, filed herewith.

### B. Eloqua Attempted to Obtain Copies of and Information About the Alleged Patent Assignments; iHance Served a Verified Interrogatory Response that Falsely Stated that the Assignments Could be Found in the Patent Prosecution Records.

Eloqua diligently sought to discover the true facts concerning iHance's lack of assignments from the named inventors to the '947 and '533 patents.

On July 15, 2011, Eloqua served document requests that called for assignments of the patents-in-suit. Ex. 2 at 14.

Also on July 15, 2011, Eloqua served interrogatories on iHance, which included an interrogatory that called for iHance to:

> Identify every person or entity with a current or prior financial or ownership interest in . . . [b] the Patents-in-Suit . . . and identify the nature of their respective interests, and [d] identify all documents and things concerning the subject matter of this interrogatory.

Ex. 3 at 11. iHance provided a verified response to the interrogatory, which stated: "iHance, Inc. owns the '947 and '533 patents. Both the '947 patent and the '533 patent were assigned to iHance, Inc. by Andrew Knox, Lars Knox, and John Hart." Ex. 4 at 37-38. iHance falsely stated that the "documents that show the facts referred to above," *i.e.*, that the patents-in-suit were assigned to iHance by the named inventors, are "***The assignments*** from the prosecution record of the '947 and '533 patents." *Id.* (emphasis added).

Anders Knox verified iHance's interrogatory responses, swearing under penalty of perjury that they were true and correct. *Id.* at 49. Anders Knox now concedes that he knew at the time he swore to the truth and accuracy of iHance's interrogatory responses that neither he nor the other named inventors ever provided signed assignments to their patent prosecution attorneys, and that no assignments for the patents-in-suit had ever been filed with the Patent Office. Ex. 1 at 91:7-21; 98:4-101:17. Anders Knox also admitted that he did not share this

3

information with his attorneys at the time that he verified iHance's interrogatory answers. Ex. 1 at 101:13-17:

> Q. Did you tell William and Connolly that they would not find at the Patent Office assignments recorded there evidencing any transfer of ownership rights from the inventors of '947 and '533 patents to iHance?
>
> A. No.

iHance has never corrected its false response to Interrogatory No. 15.

Eloqua searched in vain in iHance's document production for the assignments that iHance had sworn evidenced its ownership of the patents-in-suit. After searching iHance's document production and failing to find assignments, counsel for Eloqua wrote to counsel for iHance on November 22, 2011, requesting copies of the assignments. Ex. 5.

Eloqua took the deposition of Anders Knox on December 1, 2011. During his deposition, Mr. Knox disclosed for the first time that no assignments exist from the three named inventors to iHance for either of the asserted patent. Ex. 7 at 64:10-65:7. That disclosure came nearly seven months after Eloqua filed its complaint. At his deposition, Anders Knox also testified for the first time that the assignments were stolen from his car in 2006. Ex. 7 at 64:20-65:7. Anders Knox again testified that the alleged assignments "were stolen" under direct examination by his counsel at the June 28, 2012 evidentiary hearing. Ex. 1 at 44:20-45:9. Under questioning from the Court at the hearing, however, Anders Knox finally conceded that he did not know if the assignments were ever in his car or they were stolen, as he had earlier testified under oath several times. Ex. 1 at 66:1-7.

On March 2, 2012, Eloqua deposed patent prosecutor Gerald Gray, over iHance's objections, who confirmed that iHance's patent attorneys never received written assignments from the named inventors. Ex. 6 at 93:2-4, 102:4-6.

### III. THE COURT SHOULD GRANT ELOQUA THE FEES AND COSTS ASSOCIATED WITH DEFENDING AGAINST THE '947 PATENT AND ADDRESSING iHANCE'S DAMAGES CLAIMS.

#### A. The Court Should Grant Eloqua the Fees and Costs Associated with Defending Against the '947 Patent and Addressing iHance's Damages Claims, Pursuant to 35 U.S.C. § 285.

The Patent Act provides that: "The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285.

##### 1. Eloqua is the Prevailing Party With Respect to the Dismissal of the '947 Patent.

A party "prevails" when relief on the merits of a claim materially alters the legal relationship between the parties. *Manildra Mill Corp. v. Ogilvie Mills, Inc.*, 76 F.3d 1178, 1182-83 (Fed. Cir. 1996) (establishing "a single definition of prevailing party in the context of patent litigation") (citing *Farrar v. Hobby*, 506 U.S. 103 (1992)).

A defendant may be the "prevailing party" under Section 285 where it moves for and receives a dismissal of a patent infringement for lack of subject matter jurisdiction over the opposition of the plaintiff, even where the dismissal is without prejudice. For example, in *Pastore v. Structure Guard, Inc.*, 19 F. App'x 840, 840-41 (Fed. Cir. 2001), the Federal Circuit affirmed the award of attorneys' fees under Section 285 based on the dismissal of a claim for a patent that the plaintiff had assigned to a non-party, thus losing standing during the case. Although the dismissal of the claim was without prejudice "from seeking leave to refile the claim," the Federal Circuit affirmed the application of Section 285 to the defendant as the prevailing party on the patent and ordered the district court to assess against the plaintiff "those fees attributable to the second patent and its dismissal from the suit." *Id.* at 841.

### 2. iHance's Litigation of the '947 Patent for More Than a Year Without Actually Owning It Makes This Case Exceptional and Warrants Fee Shifting for Eloqua's Defense of the '947 Infringement Claim and iHance's Damages Claims.

A "prevailing party may prove the existence of an exceptional case by showing "willful infringement, inequitable conduct before the P.T.O., misconduct during the litigation, vexatious or unjustified litigation, and frivolous suit." *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed. Cir. 1989). And "[l]itigation misconduct and unprofessional behavior are relevant to the award of attorney fees, and may suffice to make a case exceptional." *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed.Cir.1996).

Here, an award of fees directly attributable to defending the '947 patent claim and iHance's damages claim (which is premised on iHance's ownership of both asserted patents in 2006), is justified based on the following.

First, iHance made and pursued for more than a year a claim for (1) infringement of the '947 patent based on the unjustified assertion of its ownership of the '947 patent and (2) damages owed to iHance based on the unjustified assertion that it owned the '533 patent prior to 2008.

Second, iHance engaged in litigation misconduct, by serving and failing to correct a false verified interrogatory response. Anders Knox admitted that although he knew facts that contradicted the response at the time he verified the interrogatory response, he did not inform his counsel of those facts. In addition to serving a false and misleading interrogatory response that asserted the existence of assignments, iHance dragged out the disclosure of its theory of ownership in a way that multiplied Eloqua's legal fees and costs, revealing for the first time that it did not have any written assignments of the patents-in-suit nearly seven months after filing the suit (and halfway between the filing of the complaint and the trial date). In addition, as the Court found in its July 3, 2012 Memorandum Order, both Anders Knox and John Hart provided testimony at their depositions that was inconsistent (or, in the words of the Court, "somewhat

shifting") with their testimony at the June 28, 2012 evidentiary hearing concerning the alleged assignments. For example, although Anders Knox testified during his deposition and during his direct testimony at the evidentiary hearing that the assignments were stolen from his car, he later admitted under questioning by the Court that he in fact did not know if the assignments were ever in his car, or if they had been stolen. Ex. 7 at 65:3-7; Ex. 1 at 44:20-45:9; 66:1-68:3; Ex. 11 at n.3, p. 6-7).[2]

Third, iHance, through its prosecuting attorney, filed two false statements at the Patent Office representing that it had filed for recordation assignments from the named inventors to iHance, in order to get "iHance, Inc." incorrectly listed as assignee on the face of the patents-in-suit when they were issued in 2006. On the fee transmittal form for each patent, iHance's prosecuting attorney named iHance as the proper assignee, thereby warranting that assignments: "ha[d] been filed for recordation as set forth in 37 CFR 3.11." (Ex. 8 at ELQ0310971; Ex. 9 at ELQ0309988).[3] Those statements were untrue when iHance filed the forms in May 2006, and they remain untrue today.

iHance took each of these steps with full knowledge that it lacked assignments from the three inventors of the patents-in-suit, with the effect of concealing its lack of ownership, prolonging the litigation of the '947 patent despite iHance's lack of standing, and multiplying Eloqua's costs and legal fees of defending against iHance's purported $100 million claim.

---

[2] Similarly, to bolster iHance's assignment story, John Hart testified at the evidentiary hearing that he specifically remembered signing the assignments in Washington, D.C., which is inconsistent with his earlier deposition testimony that he did not know where he executed the purported assignments. Ex. 1 at 14:25-15:15; Ex. 12 at 116:11-19; Ex. 11 at n.3, p. 6-7.

[3] 37 C.F.R. § 3.81 provides: "An application may issue in the name of the assignee consistent with the application's assignment where a request for such issuance is submitted with payment of the issue fee, provided the assignment has been previously recorded in the Office. If the assignment has not been previously recorded, the request must state that the document has been filed for recordation as set forth in § 3.11."

The Court should declare the case exceptional and award Eloqua its attorneys' fees attributable to: (i) defending against the claim of infringement of the '947 patent; (ii) addressing the damages claims under both patents (both of which depend on iHance's ownership of the patents in July 2006); and (iii) moving to dismiss the iHance's claims under Rule 12(b)(1).

**B.  The Court Should Grant Eloqua the Fees and Costs Associated with Defending Against the '947 Patent and Addressing iHance's Damages Claims, Pursuant to Fed R. Civ. P. 37(b) and its Inherent Power to Sanction Discovery Violations**

Rules 37(b) of the Rules of Civil Procedure provides an independent alternative basis under which the Court should award Eloqua its attorneys' fees and costs associated with defending against the '947 patent, addressing iHance's damages theory, and moving to dismiss based on iHance's lack of ownership of the '947 patent, and lack of ownership in the '533 patent until it gained a partial interest in 2008.

Rule 37(b) provides:

> If a party or a party's officer, director or managing agent . . . fails to obey an order to provide or permit discovery, including an order under 26(f) . . . the court where the action is pending may issue further just orders.  They may include the following: . . . (v) dismissing the action or proceeding in whole or in part . . . or (C) . . . [i]nstead of or in addition to the orders above, the court ***must*** order the disobedient party, the attorney advising that party, or both to pay reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b) (emphasis added).  The court also has inherent discretion to sanction parties for discovery violations, including for filing false and misleading interrogatory responses.  *Amr v. Virginia State Univ.*, No. 3:10-CV-787, 2011 U.S. Dist. LEXIS 110747, at *67-68 (E.D. Va. Aug. 11, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 462-63 (4th Cir. 1993)).

Here, iHance provided false and misleading interrogatory responses in violation of the Court's June 30, 2012 Rule 26(f) Discovery Order, which set forth the discovery obligations of

8

the parties, including the parties' obligation to answer interrogatories.  Ex. 10.  Eloqua's served an interrogatory that asked iHance to "[i]dentify every person or entity with a current or prior financial or ownership interest in . . . [b] the Patents-in-Suit . . . and identify the nature of their respective interests, and [d] identify all documents and things concerning the subject matter of this interrogatory."  Ex. 3 at 11.  iHance provided the following sworn answer: "iHance, Inc. owns the '947 and '533 patents.  Both the '947 patent and the '533 patent were assigned to iHance, Inc. by Andrew Knox, Lars Knox, and John Hart."  Ex. 4 at 37-38.  The answer went on to stated that the "documents that show the facts referred to above," *i.e.*, that the patents-in-suit were assigned to iHance by the named inventors, are "[t]***he assignments*** from the prosecution record of the '947 and '533 patents."  *Id.* (emphasis added).

Anders Knox has testified that he knew at the time that he verified this interrogatory answer under penalty of perjury that there were no written assignments from all three inventors to iHance of the '947 and '533 patents, and that no assignments had ever been filed with the Patent Office.  Ex. 1 at 91:7-21; 98:4-101:17.  Furthermore, Mr. Knox admitted under cross-examination that he did not disclose these facts to his attorneys at the time he verified the interrogatory responses.  Ex. 1 at 101:13-17.  iHance has never corrected this false and misleading interrogatory response.

The effect of iHance's false and misleading response to Interrogatory No. 15, along with its other actions described above, was to obscure and delay the disclosure of its lack of ownership of the asserted patents.  Eloqua, like the Court, was "surprised" that "this would not have come out earlier."  Ex. 1 at 120:15-21.  It did not come out earlier because iHance misrepresented or failed to disclose the underlying facts all the way until the June 28, 2012 evidentiary hearing ordered by the Court to assess the credibility of the three named inventors, just twelve days before trial.

9

Where the Court determines that a party has violated Rule 37(b), it must order the disobedient party to pay the other party's reasonable expenses "unless the failure was substantially justified." Fed. R. Civ. P. 37(b)(2)(C). "The party facing sanctions carries the burden of demonstrating that his failure to comply was harmless or substantially justified." *Bailey v. Christian Broad. Network, Inc.*, No. 11-2348, 2012 U.S. App. LEXIS 12249, at *5 (4th Cir. June 15, 2012). iHance has offered no reason why its service of a false and misleading interrogatory response was "substantially justified" or other circumstances that would make an award of expenses unjust. In fact, Mr. Knox has conceded that he knew at the time he swore to the accuracy of iHance's interrogatory response the facts that make it untrue, including that no assignments had ever been submitted to the Patent Office, and that he failed to disclose that information to his attorneys. Ex. 1 at 91:7-21; 98:4-101:17; 101:13-17.

The Court should award iHance the additional attorneys' fees and costs that flow from iHance's false answer to Interrogatory No. 15 and its obscuring of the defects in its ownership of the patents-in-suit, including iHance's fees and costs associated with: (i) defending against the claim of infringement of the '947 patent; (ii) addressing the damages claims under both patents (both of which depend on iHance's ownership of the patents in July 2006); and (iii) moving to dismiss iHance's claims under Rule 12(b)(1).

### C. The Court Should Grant Eloqua's Just Costs Associated with Defending Against the '947 Patent and Addressing iHance's Damages Claims, Pursuant to 28 U.S.C. § 1919.

Section 1919 of Title 28 provides a third independent basis on which the Court should award iHance the just costs that it incurred in defending against the claim of the '947 patent prior to the Court's dismissal of the claim for lack of subject matter jurisdiction. Section 1919, titled "Dismissal for lack of jurisdiction," provides: "Whenever any action or suit is dismissed in any district court . . . [the] court may order the payment of just costs." 28 U.S.C. § 1919.

Section 1919 grants courts the power to order the plaintiff to pay to the defendant its just costs where, as here, the defendant was required to incur costs defending a claim over which the court lacked jurisdiction. *Wright v. Jackson*, 522 F.2d 955, 957 (4th Cir. 1975). The defendant need not be deemed to be the "prevailing party" within the meaning of 35 U.S.C. § 285 or related fee shifting statutes in order to recover its "just costs" under Section 1919. "To the contrary, the plain language of the statute demonstrates that Congress did not intend to make it mandatory that a party be considered a 'prevailing party'" in order to recover costs under Section 1919. *Daugherty v. Westminster Schools, Inc.*, 174 F.R.D. 118, 122 (N.D. Ga. 1997).

The costs recoverable under Section 1919 are broader than those listed under 28 U.S.C. § 1920. In addition to the costs listed under Section 1920, "just costs" under Section 1919 include "other 'reasonable expenses incurred in litigating the jurisdiction question.'" *Castillo Grand LLC v. Sheraton Operating Corp.*, No. 09 Civ 7197, 2011 U.S. Dist. LEXIS 48777, at *5 (S.D.N.Y. May 6, 2011) (quoting *FTSS Korea v. First Tech. Safety Sys., Inc.*, 254 F.R.D. 78, 80 (E.D. Mich. 2008)); *United States ex rel. Lewis v. Walker*, No. 3:06-CV-16, 2012 U.S. Dist. LEXIS 66767, at *3 (M.D. Ga. May 14, 2012) (" [T]he Court has broad discretion [under 28 U.S.C. § 1919] to determine, based on the totality of circumstances, what costs are 'just.'"). "Under certain circumstances, just costs awarded pursuant to Section 1919 can also include attorneys' fees." *Castillo Grand*, 2011 U.S. Dist. LEXIS, at *5 (awarding attorneys' fees pursuant to Section 1919). Attorneys' fees may be awarded pursuant to Section 1919 based on a showing of exceptional circumstances. In determining whether attorneys' fees should be awarded under Section 1919, "the parties' conduct may . . . be taken into consideration." *Correspondent Servs. Corp. v. JVW Investment, Ltd.*, No. 99 Civ. 8934, 2004 U.S. Dist. LEXIS 19341, at *49 (S.D.N.Y. Sept. 29, 2004) (awarding attorneys' fees pursuant to Section 1919). As detailed above, iHance has provided false deposition (and evidentiary hearing) testimony and a false and

misleading answer to Eloqua's interrogatory concerning iHance's ownership of the patents-in-suit. Those actions make this an exceptional case in which Eloqua should be awarded its attorneys' fees under Section 1919, along with other just costs.

**IV. THE COURT SHOULD DISMISS IHANCE'S CLAIM FOR INFRINGEMENT OF THE '947 PATENT WITH PREJUDICE.**

The Court should dismiss iHance's claim for infringement of the '947 patent ***with prejudice*** with respect to iHance and its officers Anders Knox and John Hart.[4] In the alternative, the Court is empowered to, and should exercise its discretion to condition the without-prejudice dismissal of the '947 patent claim on iHance's payment of the attorneys' fees and costs that iHance has incurred in defending against iHance's (1) claim of infringement of the '947 patent and (2) damages claims, which were premised, falsely, on iHance's ownership of both patents as of the 2006 date of the hypothetical negotiation.

The Court has discretion to dismiss a patent infringement claim for lack of standing with prejudice against the plaintiff and those in privity with it,[5] particularly where, as here, iHance has presented no evidence that it would be able to cure its lack of standing in a separate subsequent action. *Fieldturf, Inc. v. Southwest Recreational Indus., Inc.*, 357 F.3d 1266, 1269 (Fed. Cir. 2004).

In addition to the Court's discretion to dismiss a claim for patent infringement with prejudice under Rule 12(b)(1), it is "well established [that] Rule 37(b)(2)(C) authorizes a court to impose sanctions, including dismissal of a case with prejudice, if a party fails to comply with a discovery order." *Truell v. Regent Univ. Sch. of Law*, No. 2:04-CV-716, 2006 U.S. Dist. LEXIS

---

[4] In its July 3 Order, the Court dismissed iHance's claim of infringement of the '947 patent without prejudice. D.I. 284 at 1.

[5] Anders Knox and John Hart, both officers and major shareholders of iHance, are in substantive legal relationships with iHance that constitute privity, and a dismissal should be entered with prejudice expressly against Anders Knox and John Hart as well as iHance. *Taylor v. Sturgell*, 128 S. Ct. 2161, 2172 & n.8 (2008).

54294, at *8 (E.D. Va. July 21, 2006) (granting dismissal with prejudice) (citing *Hathcock v. Navistar Int'l. Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995)). The Court also has the power to dismiss the claim with prejudice pursuant to its inherent power to sanction discovery violations. *Amr*, 2011 U.S. Dist. LEXIS 110747, at *67-68 (citing *Shaffer Equip.*, 11 F.3d at 462-63).

The Fourth Circuit has held that the following factors should guide a district court's exercise of its inherent power to dismiss a claim with prejudice: "(1) the degree of the wrongdoer's culpability; (2) the extent of the client's blameworthiness if the wrongful conduct is committed by its attorney, recognizing that we seldom dismiss claims against blameless clients; (3) the prejudice to the judicial process and the administration of justice; (4) the prejudice to the victim; (5) the availability of other sanctions to rectify the wrong by punishing culpable persons, compensating harmed persons, and deterring similar conduct in the future; and (6) the public interest." *Shaffer Equip.*, 11 F.3d at 462-63. As detailed above in section III, these factors counsel in favor of a dismissal of iHance's claim for infringement of the '947 patent ***with prejudice***. Here, iHance, through its principal Anders Knox, served a false interrogatory response stating that there were assignments of the patents-in-suit from the inventors to iHance and dragged out disclosure of its lack of assignments and lack of ownership of the '947 patent. Anders Knox conceded that iHance served a false and misleading interrogatory response based on ***his*** failure to disclose facts to his lawyers. As a result of litigating a claim of infringement of the '947 patent for more than a year without actually owning the patent, iHance required Eloqua to incur substantial additional costs and fees and prejudiced the judicial process. iHance should not be permitted to turn around and attempt to sue Eloqua a second time on the '947 patent.

Alternatively, in the event that the Court deems that a dismissal without prejudice with respect to iHance's claims under the '947 patent is appropriate, the Court should exercise its discretion to condition the "without-prejudice" nature of the dismissal on the payment by iHance

13

of Eloqua's costs and attorneys' fees in defending against iHance's (1) claim for infringement of the '947 patent and (2) damages claims, which were premised, falsely, on iHance's ownership of both patents as of the 2006 date of the hypothetical negotiation. "It is not unusual to award costs and attorney's fees when a case is voluntarily dismissed under Rule 41(a)(2)." *FTSS Korea v. First Tech. Safety Sys., Inc.*, 254 F.R.D. 78, 80 (E.D. Mich. 2008) (citing 9 C. Wright & A. Miller, Federal Practice & Procedure § 2366, at 177-80 n. 9 (1971 & Supp.1984) (collecting cases)). "The purposes for such awards include reimbursing the defendant for the litigation costs incurred when there is a risk that the same suit will be refiled and will impose duplicative expenses upon him." *Id.* (citing *Colombrito v. Kelly*, 764 F.2d 122, 133 (2d Cir. 1985); *Smoot v. Fox*, 353 F.2d 830, 833 (6th Cir. 1965); *John Evans Sons, Inc. v. Majik-Ironers, Inc.*, 95 F.R.D. 186, 191 (E.D. Pa. 1982)). The same principle applies here. If iHance wishes to retain the discretion to turn around and attempt to sue Eloqua for infringement of the '947 patent, it should be required to "reimburse [Eloqua] for the litigation costs incurred" in litigating the '947 patent for more than a year when iHance in fact did not own the patent. *Id.*

## V.     CONCLUSION

For the foregoing reasons, the Court should award Eloqua its attorneys' fees and just costs incurred in connection with: (i) defending against the claim of infringement of the '947 patent; (ii) addressing the damages claims under both patents (both of which depend on iHance's ownership of the patents in July 2006); and (iii) moving to dismiss the iHance's claims under Rule 12(b)(1).

The Court should also order the dismissal of the '947 patent ***with prejudice*** as to iHance, Anders Knox and John Hart, or in the alternative, should condition the without prejudice dismissal of the '947 patent on iHance's payment of Eloqua's attorneys' fees and costs incurred in connection with defending against iHance's (1) claim for infringement of the '947 patent and

14

(2) damages claims, which were premised, falsely, on iHance's ownership of both patents as of the 2006 date of the hypothetical negotiation.

Should the Court award its request for fees and/or costs, Eloqua will submit a detailed statement of its costs and fees for the Court's review.

Dated: July 6, 2012

Respectfully submitted,

/s/ Stephen E. Noona

| | |
|---|---|
| Douglas J. Kline (admitted *pro hac vice*) | Stephen E. Noona (Virginia Bar No. 25367) |
| Elaine Herrmann Blais (admitted *pro hac vice*) | KAUFMAN & CANOLES, P.C. |
| Robert D. Carroll (admitted *pro hac vice*) | 150 West Main Street |
| William A. Meunier (admitted *pro hac vice*) | Post Office Box 3037 |
| Adam R. Wichman (admitted *pro hac vice*) | Norfolk, Virginia 23514 |
| GOODWIN PROCTER LLP | Tel: (757) 624-3000 |
| Exchange Place | Fax: (757) 624-3169 |
| 53 State Street | E-Mail: senoona@kaufan.com |
| Boston, Massachusetts 02109 | |
| Tel: (617) 570-1000 | Timothy J. Rousseau (admitted *pro hac vice*) |
| Fax: (617) 523-1231 | Daniel B. Reagan (admitted *pro hac vice*) |
| E-Mail: dkline@goodwinprocter.com | Jessica H. Zafonte (admitted *pro hac vice*) |
| eblais@goodwinprocter.com | GOODWIN PROCTER LLP |
| rcarroll@goodwinprocter.com | The New York Times Building |
| wmeunier@goodwinprocter.com | 620 Eighth Avenue |
| awichman@goodwinprocter.com | New York, New York 10018 |
| | Tel: (212) 813-8800 |
| | Fax: (212) 3553333 |
| | E-Mail: trousseau@goodwinprocter.com |
| | dreagan@goodwinprocter.com |
| | jzafonte@goodwinprocter.com |
| | |
| | Attorneys for Defendants |
| | Eloqua Limited and Eloqua Corporation |

**CERTIFICATE OF SERVICE**

I hereby certify that on the 6th day of July 2012, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Paul B. Gaffney
Thomas G. Hentoff
John M. McNichols
Thomas S. Fletcher
Eric C. Wiener
WILLIAM & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C. 20005
Tel: (202) 434-5000
Fax: (202) 434-5209
E-Mail: pgaffney@wc.com
        thentoff@wc.com
        jmcnichols@wc.com
        tfletcher@wc.com
        ewiener@wc.com

Robert M. Tata
HUNTON & WILLIAMS LLP
500 E. Main Street, Suite 1000
P.O. Box. 3889
Norfolk, Virginia 23514
Tel: (757) 640-5300
Fax: (757) 625-7720
E-mail: btata@hunton.com

                                                  /s/ Stephen E. Noona
                                                  Stephen E. Noona (Virginia Bar No. 25367)
                                                  KAUFMAN & CANOLES, P.C.
                                                  150 West Main Street
                                                  Post Office Box 3037
                                                  Norfolk, Virginia 23514
                                                  Tel: (757) 624-3000
                                                  Fax: (757) 624-3169
                                                  E-Mail: senoona@kaufan.com

                                                  *Attorney for Defendants*
                                                  *Eloqua Limited and Eloqua Corporation*